UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



TIMOTHY S. DEMBSKI,

          Plaintiff,

      v.

SECURITIES AND EXCHANGE
COMMISION,

          Defendants.

**DECISION AND ORDER**

1:19-CV-00358 EAW

## **INTRODUCTION**

Plaintiff Timothy M. Dembski ("Plaintiff") filed this action against the Securities and Exchange Commission ("SEC" or "Defendant") seeking a declaration that Defendant's decision regarding Plaintiff violated the Appointments Clause of the Constitution and an order reinstating Plaintiff's ability to participate in the securities industry. (Dkt. 2). Presently before the Court is Defendant's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt 10). Because the Court lacks subject matter jurisdiction over Plaintiff's claims—an issue not raised by either party—the Complaint is dismissed. However, even if the Court possessed subject matter jurisdiction, Defendant's motion to dismiss (Dkt. 10) would be granted.

- 1 -

# BACKGROUND

The following facts are taken from Plaintiff's Complaint (Dkt. 2) and the documents submitted from the underlying SEC proceeding (Dkt. 12).[1] As is required at this stage of the proceedings, the Court has treated Plaintiff's factual allegations as true.

Plaintiff was the owner and managing partner of Reliance Financial Advisors, LLC ("Reliance"), an investment advisor business located in Buffalo, New York. (Dkt. 2 at ¶ 1). In September 2014, SEC staff members hired Jason S. Patil ("Patil") as an administrative law judge ("ALJ") at the SEC. (*Id.* at ¶ 26). On December 10, 2014, the SEC initiated proceedings against Plaintiff, Reliance, and a co-owner of Reliance under SEC Administrative Proceeding File No. 3-16311 (the "SEC Proceeding"). (*Id.* at ¶ 19). The SEC also issued a consent order on the same day against a Reliance employee in a separate proceeding. (*Id.* at ¶ 20). On January 9, 2015, ALJ Patil consolidated the two proceedings, and a hearing on the proceedings was held before ALJ Patil in May 2015. (*Id.* at ¶¶ 28-29). Reliance and Reliance's co-owner later settled with the SEC. (*Id.* at ¶ 30). On January 11, 2016, ALJ Patil found that Plaintiff violated federal securities laws and permanently disbarred Plaintiff from the securities industry. (*Id.* at ¶¶ 36-37). Plaintiff appealed the ALJ's decision to the Commission, which affirmed the ALJ's decision on March 24, 2017. (*Id.* at ¶¶ 39-40).

---

[1] The Court takes judicial notice of the SEC documents. *See Vale v. Great Water Pollution Control Dist.*, 80 F. Supp. 3d 426, 433 (E.D.N.Y. 2015) ("[I]n adjudicating [a Rule 12(b)(6)] motion, [courts] may take judicial notice of documents in the public record, which includes records and reports of administrative bodies[.]" (first alteration added) (quoting *Volpe v. Nassau County*, 915 F. Supp. 2d 284, 291 (E.D.N.Y. 2013)).

Plaintiff filed a petition for review with the Second Circuit Court of Appeals seeking reversal of the SEC Opinion. (*Id.* at ¶ 41). Plaintiff's petition for review did not raise any constitutional issues related to ALJ Patil presiding over the initial hearing. (*Id.* at ¶ 42). On February 27, 2018, the Second Circuit denied Plaintiff's petition for review. (*Id.* at ¶ 43).

Several months later, on June 21, 2018, the Supreme Court issued a decision in *Lucia v. Securities and Exchange Commission*, 138 S. Ct. 2044 (2018), holding that SEC ALJs are "Officers of the United States," and as such they must be appointed by the procedures prescribed in Article II's Appointments Clause. *Id.* at 2051, 2053. In other words, an SEC ALJ must be appointed by either the president, a court of law, or a head of department. *See* U.S. Const. Art. II, § 2, cl. 2. The Supreme Court found that the SEC ALJs were not appropriately appointed because SEC staff had hired them, and that the *Lucia* plaintiff had made a timely challenge to the validity of the ALJ's appointment. *Lucia*, 138 S. Ct. at 2055. Accordingly, the Court found the plaintiff was entitled to a new hearing before a different ALJ. *Id.*

On July 6, 2018, Plaintiff filed a motion to recall the mandate and vacate the judgment with the Second Circuit. Motion to Recall, *Dembski v. SEC*, No. 17-1553, Dkt. 84 (2d. Cir. July 6, 2018). Plaintiff requested that, in light of *Lucia*, the Circuit revoke its denial of review of Defendant's decision, issue a mandate nullifying Defendant's decision, and preclude Defendant from taking any steps to enforce any portion of the sanctions the SEC imposed on Plaintiff. *Id.* at 9. Defendant responded, arguing that Plaintiff had forfeited his Appointments Clause challenge by failing to raise it at any point prior to the

Second Circuit's February 2018 order denying Plaintiff's petition for review. Response to Motion to Recall, *Dembski v. SEC*, No. 17-1553, Dkt. 87 (2d Cir. July 12, 2018). On July 20, 2018, the Second Circuit issued an order denying Plaintiff's motion to recall and motion to vacate. *Dembski v. SEC*, No. 17-1553, Dkt. 91 (2d Cir. July 20, 2018).

Almost eight months later, on March 15, 2019, Plaintiff brought the present proceeding in district court. (Dkt. 1; Dkt. 2). After being granted an extension of time within which to respond to the Complaint (Dkt. 9), Defendant timely filed a motion to dismiss on July 12, 2019 (Dkt. 10). Plaintiff filed his response on August 16, 2019 (Dkt. 16), and Defendant replied on August 30, 2019 (Dkt. 17). Oral argument was heard before the undersigned on November 12, 2019, at which time the Court reserved decision. (Dkt. 21).

## DISCUSSION

### I.  Subject Matter Jurisdiction

"When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Subject matter jurisdiction is a threshold issue that a court must consider before addressing the merits of any particular case. *Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990).

Pursuant to the Securities Act, when bringing an enforcement action, the SEC may elect to do so by either initiating an administrative action or an injunctive action in a federal

district court. 15 U.S.C. §§ 77h-1, 78u-2, 78u-3. For administrative actions, the SEC has implemented a framework wherein it delegates its adjudicative functions to an ALJ while "retain[ing] a discretionary right to review the action of any such" ALJ on "its own initiative" or at a party's request. *Id.* § 78d-1(a)-(b); 17 C.F.R. § 201.110. When the SEC initially assigns enforcement proceedings to an ALJ, the ALJ holds a hearing and issues a decision, which can be appealed for review before the Commission. 17 C.F.R. §§ 201.360(a)(1), 201.410(a). Only the Commission has the authority to issue a final agency decision in the proceeding. *Id.* § 201.360(d)(2). After the Commission issues a final decision, the aggrieved person may file a petition for review of that decision with a court of appeals. 15 U.S.C. § 78y(a)(1). Once the petition for review is filed, the court of appeals "has jurisdiction, which becomes exclusive on the filing of the record, to affirm or modify and enforce or to set aside the order in whole or in part." *Id.* § 78y(a)(3).

This Court lacks subject matter jurisdiction over Plaintiff's claims under the statutory scheme outlined above pursuant to binding Second Circuit precedent. In *Tilton v. Securities and Exchange Commission*, 824 F.3d 276 (2d Cir. 2016), the Second Circuit affirmed a district court's holding that it did not have jurisdiction to hear the plaintiff's Appointments Clause claim, finding that "Congress intended the SEC's administrative review scheme to encompass the appellants' Appointments Clause claim, to the exclusion of federal district court jurisdiction." *Id.* at 281-82. The *Tilton* court held that under the test outlined by the Supreme Court in *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200 (1994), an Appointments Clause challenge to an SEC ALJ falls "within the exclusive scope of the SEC's administrative review scheme and [can] reach a federal court only on petition

for review of a final decision by the Commission." 824 F.3d at 279. In other words, federal district court jurisdiction does not exist for an Appointments Clause challenge to an SEC ALJ, according to *Tilton*. Here, Plaintiff brings a collateral attack of a final order issued by the SEC, raising an Appointments Clause claim. Accordingly, under *Tilton*, the Court is bound to dismiss Plaintiff's claims for lack of subject matter jurisdiction.

Plaintiff argues that *Tilton* is not dispositive because *Tilton* "addresses an aggrieved party's standing to collaterally attack an ongoing administrative proceeding in which the Commission had not yet made an order, and thus, the claimant had not yet suffered a grave constitutional injury." (Dkt. 16 at 9 (quotations omitted)). However, the Second Circuit did not rule on standing grounds in *Tilton*, nor is the concept of standing even mentioned in the decision. To the contrary, when put in context, the passage Plaintiff references undercuts his argument. The *Tilton* plaintiffs argued that the SEC's administrative scheme did not offer them meaningful judicial review for an Appointments Clause claim because it only provides judicial review for an adverse ruling by the Commission, whereas Appointments Clause claims address a "grave constitutional injury" suffered just by being exposed to the SEC proceedings before an ALJ. 824 F.3d at 283. However, the Second Circuit was "not convinced" by the plaintiffs' argument, and ultimately found that the Appointments Clause claim did not fall outside the scope of the SEC's statutory scheme. *Id.* at 282-83.

Moreover, the overwhelming majority of courts have ruled that the statutory scheme established by Congress in the Securities Act entirely deprives federal district courts of jurisdiction over requests for review of final SEC orders. *See New York v. U.S. Sec. &*

*Exch. Comm'n*, No. 19 CIV. 8365 (VM), 2019 WL 5203751, at *1 (S.D.N.Y. Sept. 27, 2019) ("[T]he relevant statute does 'bestow' judicial review: it provides that an adversely-affected person 'may obtain review' in the court of appeals for the circuit of residence, or in the United States Court of Appeals for the District of Columbia Circuit. 15 U.S.C. § 78y(b)(1). Although Congress's use of the permissive 'may' might seem on its face to imply a non-exclusive grant of jurisdiction in the court of appeals, it is well-established that clauses containing 'a specific statutory grant of jurisdiction to the court of appeals . . . should be construed in favor of review by the court of appeals." (alteration in original) (quoting *NRDC v. Abraham*, 355 F.3d 179, 193 (2d Cir. 2004))); *Altman v. U.S. S.E.C.*, 768 F. Supp. 2d 554, 558 (S.D.N.Y. 2011) ("[D]istrict courts lack jurisdiction to hear post-enforcement challenges seeking declaratory and injunctive relief related to disciplinary proceedings—such challenges must proceed in accordance with the statutory scheme."), *aff'd*, 687 F.3d 44 (2d Cir. 2012); *see also Hill v. Sec. & Exch. Comm'n*, 825 F.3d 1236, 1242 (11th Cir. 2016) ("We discern from the text of the statute that Congress sought to foreclose district court review of administrative proceedings."); *Bennett v. U.S. Sec. & Exch. Comm'n*, 844 F.3d 174, 182 (4th Cir. 2016) ("Congressional intent to deny collateral district-court challenges is 'fairly discernible' from the text and structure of the Exchange Act."); *Jarkesy v. U. S. Sec. & Exch. Comm'n*, 48 F. Supp. 3d 32, 40 (D.D.C. 2014) ("[T]o the extent that the plaintiffs believe their cause has been prejudged by the SEC's Commissioners, they may seek review, if necessary, before the Court of Appeals, but the statute leaves no room for this Court to provide them the relief they seek."), *aff'd sub nom. Jarkesy v. S.E.C.*, 803 F.3d 9 (D.C. Cir. 2015).

Nor does the fact that *Tilton* was decided prior to *Lucia* have any import—*Lucia* holds only that SEC ALJs are "Officers of the United States" that must be appointed by the procedures prescribed in Article II's Appointments Clause, 138 S. Ct. at 2051, 2053; it does not address whether federal district courts have jurisdiction over collateral attacks of SEC proceedings. *See Raymond J. Lucia Cos. v. U.S. Sec. & Exch. Comm'n*, No. 18-CV-2692 DMS (JLB), 2019 WL 3997332, at *3 (S.D. Cal. Aug. 21, 2019) (holding court lacked subject matter jurisdiction and that *Lucia* did not impact *Tilton*), *appeal filed*, No. 19-56101 (9th Cir. Sept. 18, 2019); *Cochran v. U.S. Sec. and Exch. Comm'n*, No. 4:19-CV-066-A, 2019 WL 1359252, at *2 (N.D. Tex. Mar. 25, 2019) (dismissing Appointments Clause claim for lack of subject matter jurisdiction, finding *Lucia* "has no impact on the jurisdictional issue at hand"), *appeal filed*, No. 19-10396 (5th Cir. Apr. 9, 2019); *Morris & Dickson Co. v. Whitaker*, 360 F. Supp. 3d 434, 444 n.6, 447 (W.D. La. Dec. 28, 2018) ("[T]here is no reason to conclude that any strength of [plaintiff]'s Appointment Clause challenge [on the basis of *Lucia*] alters the question of jurisdiction."), *appeal dismissed*, 2019 WL 3230978 (5th Cir. Apr. 1, 2019); *see also Music Choice v. Clagget*, 385 F. Supp. 3d 245, 250 (S.D.N.Y. 2019) (relying on *Tilton* to hold that Congress intended to preclude APA review of ruling by the Acting Register of Copyrights). Accordingly, the Court finds it lacks subject matter jurisdiction over Plaintiff's claims.

## II.    Defendant's Motion to Dismiss

For the sake of completeness, the Court nonetheless addresses Defendant's motion to dismiss for failure to state a claim, assuming that the Court has subject matter jurisdiction (which, for the reasons explained above, it does not).

## A. Legal Standard

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). To withstand dismissal, a complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "To state a plausible claim, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).

## B.     Failure to Timely Raise Appointments Clause Challenge

Defendant argues the Court should dismiss the Appointments Clause challenge because Plaintiff failed to present it to the ALJ or the Commission during his administrative proceedings, or to the Second Circuit. (Dkt. 11 at 8-11).  The Court agrees.

"The Appointments Clause prescribes the exclusive means of appointing 'Officers.' Only the President, a court of law, or a head of department can do so." *Lucia*, 138 S. Ct. at 2051.  "[O]ne who makes a *timely* challenge to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to relief."  *Id.* at 2055 (emphasis added) (quotation omitted).  Although the Second Circuit has not expressly addressed the issue, the vast majority of courts both in and out of this Circuit have found that the "timely" language in *Lucia* means that Appointments Clause claims are non-jurisdictional—in other words, a party can forfeit the claim by failing to raise it.  *See Kabani & Co., Inc. v. U.S. Sec. & Exch. Comm'n*, 733 F. App'x 918, 919 (9th Cir. 2018) ("[P]etitioners forfeited their Appointments Clause claim by failing to raise it in their briefs or before the agency."), *cert. denied sub nom. Kabani & Co. v. S.E.C.*, 139 S. Ct. 2013 (2019); *Turner Bros., Inc. v. Conley*, 757 F. App'x 697, 700 (10th Cir. 2018) ("[W]e hold that [the plaintiff's] failure to raise this argument with the Board constitutes failure to exhaust administrative remedies and deprives the Court of Appeals of jurisdiction to hear the matter." (quotation omitted)); *Bonilla-Bukhari v. Berryhill*, 357 F. Supp. 3d 341, 350-51 (S.D.N.Y. 2019) (agreeing "with the vast majority of courts that have considered this issue following *Lucia*" and holding that Appointments Clause claims must be exhausted at the administrative level for a federal court to consider them); *Cummins v.*

*Comm'r of Soc. Sec.*, No. 3:18 CV 1892, 2019 WL 2465300, at \*2 (N.D. Ohio Mar. 18, 2019) ("[T]he overwhelming majority of courts within the Sixth Circuit to consider this issue post-*Lucia* agree that to challenge the validity of the ALJ's appointment under the Appointments Clause, a claimant must raise the issue at the administrative level or the claim is forfeited." (footnote omitted)); *see also Freytag v. C.I.R.*, 501 U.S. 868, 893-94 (1991) (Scalia, J., concurring in part and concurring in the judgment) ("Appointments Clause claims, and other structural constitutional claims, have no special entitlement to review. A party forfeits the right to advance on appeal a nonjurisdictional claim, structural or otherwise, that he fails to raise at trial."); *cf. Nat'l Labor Relations Bd. v. Pier Sixty, LLC*, 855 F.3d 115, 120-21 (2d Cir. 2017) (holding defendant forfeited the issue of improper appointment of an agency official in violation of a statute "by not raising it in the proceedings before the [administrative agency]"). *But see Fortin v. Comm'r of Soc. Sec.*, Civil Action No. 18-10187, 2019 WL 421071, at \*4 (E.D. Mich. Feb. 1, 2019) (finding exhaustion of Appointments Clause claim does not act as a waiver because hearing before Social Security Administration ALJ is non-adversarial, and ALJ cannot resolve constitutional challenges), *report and recommendation rejected in relevant part*, 372 F. Supp. 3d 558 (E.D. Mich. Mar. 29, 2019), *appeal filed*, No. 19-1581 (6th Cir. May 24, 2019). This Court agrees with the majority of courts in holding that a party can forfeit an Appointments Clause claim by not raising it at the administrative level.

Plaintiff argues that *Lucia* did not define the scope of what constitutes a timely challenge, and that "nothing in *Lucia* indicates that an aggrieved party must pursue its Appointments Clause claim exclusively in the agency proceeding before the very ALJ it

- 11 -

challenges." (Dkt. 16 at 8). The Court is not persuaded by Plaintiff's argument. The SEC's governing statutes authorize direct judicial review of the SEC's final orders by federal appellate courts and explicitly provide that courts of appeals may not consider claims never raised before the SEC. *See* 15 U.S.C. § 80b-13(a) ("No objection to the order of the Commission shall be considered by the court unless such objection shall have been urged before the Commission or unless there were reasonable grounds for failure so to do."); *id.* § 80a-42(a) (same). Additionally, the plaintiff in *Lucia* raised the Appointments Clause issue when he appealed the ALJ's decision to the Commission. *Lucia*, 138 S. Ct. at 2050. The Supreme Court explicitly made reference to that fact in assessing whether the plaintiff's Appointments Clause claim was timely. *See id.* at 2055 ("Lucia made just such a timely challenge: He contested the validity of Judge Elliot's appointment before the Commission, and continued pressing that claim in the Court of Appeals and this Court."). In the instant matter, Plaintiff also appealed the ALJ's decision to the Commission, but seemingly failed to raise the Appointments Clause issue at that time. While Plaintiff's failure to raise an Appointments Clause challenge before the ALJ may not be dispositive, *Lucia* plainly supports the conclusion that the SEC's governing statutes required Plaintiff to at least make the argument at some point in the SEC's administrative proceedings, such as in his appeal of the ALJ's decision to the Commission.

Plaintiff contends it would be inappropriate for the Court to find he failed to raise his Appointments Clause claim during the administrative proceedings at this stage of the litigation. (Dkt. 16 at 12-13). He argues that "a determination of whether [Plaintiff] did in fact raise such an objection would require a full examination of the SEC Proceeding

record," and as such discovery is required. (*Id.* at 13). However, Plaintiff should know

what arguments he himself raised before the ALJ and the Commission. Furthermore, the

SEC proceedings, including hearing transcripts, are part of the public record, *see* Appendix,

*Dembski v. U.S. Sec. & Exch. Comm'n*, No. 17-1553, Dkts. 40-43 (2d Cir. Aug. 14, 2017),

making discovery superfluous, *see Detroit Screwmatic Co. v. United States*, 49 F.R.D. 77,

79 (S.D.N.Y. 1970) (finding the plaintiff had not demonstrated good cause for production

of documents where "plaintiff is in possession of its own books, files and records, upon

which its contentions must rest" and "has not shown that it does not have access to the

books . . . upon which the government relies . . . nor is there any indication that the

government relied upon any records to which plaintiff does not have access"); *see also*

*Gedid v. Huntington Nat'l Bank*, No. 11-1000, 2012 WL 691614, at *2 (W.D. Pa. Mar. 2,

2012) (finding discovery unnecessary where the facts were in the plaintiff's control, and

"he needs no discovery to gather them—he has them already"); *Ward v. Dickens*, No.

3:11CV-362-H, 2012 WL 1038184, at *4 (W.D. Ky. Mar. 27, 2012) ("The Court finds that

discovery was not necessary for Plaintiff to proffer evidence that he paid his rent, which is

information that he would have in his own possession."). The SEC documents submitted

by Defendant of which the Court takes judicial notice indicate that the Appointments

Clause argument was never raised before the SEC. Neither the ALJ's decision nor the

SEC's decision on appeal make any mention of an Appointments Clause challenge.[2]

---

[2]     At oral argument, Plaintiff's attorney represented that Plaintiff believes the
Appointments Clause issue was discussed at some point during the SEC proceedings.
However, the Court's review of the record before the Second Circuit does not find that the
issue was raised.

In any event, even if the record was unclear as to whether the Appointments Clause challenge was raised before the SEC, Plaintiff concedes in his Complaint, and his attorney conceded at oral argument, that he did not raise the Appointments Clause issue during his direct appeal to the Second Circuit (Dkt. 2 at ¶ 42), meaning that regardless of whether Plaintiff did raise the Appointments Clause argument at some point during the SEC proceedings, he still failed to raise the argument before the Second Circuit. *See Levine v. Greece Cent. Sch. Dist.*, 353 F. App'x 461, 463 (2d Cir. 2009) ("[W]hen the complaint on its face shows that there is no possibility that it could be amended to allege facts that, if true, would demonstrate that the plaintiff satisfied the exhaustion requirement, failure to exhaust is a proper ground for a motion to dismiss."). Plaintiff argues that *Lucia* contemplates a timely challenge could be made *either* in the SEC proceeding *or* during the judicial appeal. (Dkt. 16 at 12). However, the *Lucia* court indicated that a timely challenge should be made *both* in the SEC proceeding *and* during the judicial appeal. *Lucia*, 138 S. Ct. at 2055 ("[The plaintiff] made . . . a timely challenge: He contested the validity of [the ALJ]'s appointment before the Commission, and continued pressing that claim in the Court of Appeals and this Court."). Additionally, the Second Circuit considers arguments not raised in an appellant's opening brief to be forfeited. *See McCarthy v. S.E.C.*, 406 F.3d 179, 186 (2d Cir. 2005) ("[A]rguments not raised in an appellant's opening brief, but only in his reply brief, are not properly before an appellate court even when the same arguments were raised in the trial court."); *see also Island Creek Coal Co. v. Wilkerson*, 910 F.3d 254, 256 (6th Cir. 2018) (holding plaintiff forfeited an Appointments Clause challenge by waiting until the reply brief to present the challenge).

Plaintiff also argues that the type of claim at issue, a constitutional Appointments Clause claim, should not be subject to the SEC's administrative review scheme. (Dkt. 16 at 8). However, as addressed in the subject matter jurisdiction section of this Decision and Order, Plaintiff's argument is foreclosed by *Tilton*—the *Tilton* court explicitly addressed the fact that an Appointments Clause claim is "a threshold constitutional challenge to agency practice," and nevertheless found administrative exhaustion was required. 824 F.3d at 282.

Plaintiff further requests that the Court exercise its discretion to grant him relief despite the untimeliness of his claim. He relies on *Freytag v. C.I.R.*, 501 U.S. 868 (1991), where the Supreme Court held the Appointments Clause claim at issue was "one of those rare cases in which we should exercise our discretion to hear petitioners' challenge" even though the claim had been raised for the first time in the appeal to the Fifth Circuit. *Id.* at 878-79. The Court finds *Freytag* and the cases that followed it do not compel the Court to exercise its discretion in the instant matter.

In *Freytag*, the Supreme Court held it could hear the petitioner's challenge because in the past the Supreme Court had "exercised its discretion to consider nonjurisdictional claims that had not been raised below." *Id.* at 878. The *Freytag* court reasoned it was "faced with a constitutional challenge that is neither frivolous nor disingenuous," because "[t]he alleged defect in the appointment of the Special Trial Judge goes to the validity of the Tax Court proceeding that is the basis for this litigation." *Id.* at 879. However, "[c]ourts . . . have not read *Freytag*'s exception broadly and have regularly declined to consider unexhausted Appointments Clause challenges[.]" *Island Creek Coal Co. v.*

- 15 -

*Bryan*, 937 F.3d 738, 754 (6th Cir. 2019). This point is emphasized by Supreme Court cases subsequent to *Freytag*:

> [O]ne who makes a *timely challenge* to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to a decision on the merits of the question and whatever relief may be appropriate if a violation indeed occurred. Any other rule would create a disincentive to raise Appointments Clause challenges with respect to questionable judicial appointments.

*Ryder v. United States*, 515 U.S. 177, 182-83 (1995) (emphasis added); *see Lucia*, 138 S. Ct. at 2055 ("[O]ne who makes a *timely challenge* to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to relief." (emphasis added) (quotation omitted)).

A recent decision from the Federal Circuit describes the circumstances where it is appropriate for a court to exercise its discretion to hear a claim over a waiver challenge. In *Arthrex, Inc. v. Smith & Nephew, Inc.*, 941 F.3d 1320 (Fed. Cir. 2019), the court exercised its discretion to hear an Appointments Clause challenge even though the claim had not been raised before the Patent Trial and Appeal Board. *Id.* at 1327. The court noted that it had not yet addressed an Appointments Clause challenge in the context of Administrative Patent Judges ("APJs"), and that the outcome of the claim would have "a wide-ranging effect on property rights and the nation's economy." *Id.* at 1326-27. The Federal Circuit also distinguished the matter before it from cases where the underlying administrative process "could have corrected the Constitutional infirmity" and where the agency "had already been implementing those remedies limiting the impact," finding that "[n]o such

remedial action has been taken in this case and the Board could not have corrected the problem." *Id.* at 1327.

Here, by comparison, the Court's decision would not have a wide-ranging impact; *Lucia* has already accomplished that end. Instead, this Decision will only impact the rights of Plaintiff. Additionally, the SEC took steps to address the potential Appointments Clause issue even while *Lucia* was pending before the Supreme Court. *Lucia*, 138 S. Ct. at 2055 n.6. Moreover the Second Circuit held in *Tilton* that the SEC's underlying administrative process could adequately address the plaintiff's claims, 824 F.3d at 279, 281-82—a holding that was borne out by *Lucia*, where the plaintiff "contested the validity of Judge Elliot's appointment before the Commission, and continued pressing that claim in the Court of Appeals and [the Supreme] Court," 138 S. Ct. at 2055.

Plaintiff cites several cases to support his argument that the Court should exercise its discretion here, none of which are persuasive. The cases Plaintiff cites address Appointments Clause claims regarding ALJs from agencies other than the SEC, and where a binding or persuasive authority had yet to address whether the ALJs from those particular agencies were "Officers of the United States" in light of *Lucia*. *See Jones Bros., Inc. v. Sec'y of Labor*, 898 F.3d 669, 679 (6th Cir. 2018) (excusing forfeiture of Appointments Clause claim regarding ALJ from Department of Labor Federal Mine Safety and Health Review Commission ("FMSHRC"), noting "[t]he building blocks of today's opinion are established and weathered, but we know of no Supreme Court or court of appeals case that brings them together"); *Associated Mortg. Bankers, Inc. v. Carson*, Civil Action No. 17-0075 (ESH), 2019 WL 108882, at *4-7 (D.D.C. Jan. 4, 2019) (first, and to date only, case

to address Appointments Clause claim post-*Lucia* as to order by ALJ from U.S. Department of Housing and Urban Development ("HUD")), *modification denied*, 2019 WL 2996992 (D.D.C. July 9, 2019).[3] Like *Arthrex*, the decisions of these courts have "a wide-ranging effect" as decisions of first impression regarding the constitutionality of ALJs for FMSHRC and HUD, making them unlike the instant matter where the Court's decision will only impact Plaintiff's rights. Accordingly, even if it had subject matter jurisdiction, the Court would decline to exercise its discretion to hear Plaintiff's Appointments Clause claim.

## C.     Res Judicata

Defendant also argues that Plaintiff's claims are barred by the doctrine of *res judicata*. The Court agrees for the reasons that follow.

"[T]he doctrine of *res judicata*, or claim preclusion, provides that [a] final judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could have been raised in that action." *Duane Reade, Inc. v. St. Paul Fire and Marine Ins. Co.*, 600 F.3d 190, 195 (2d Cir. 2010) (alterations in original) (quotation omitted). "To

---

[3]     During oral argument, Plaintiff's counsel also cited to *Duka v. U.S. Securities and Exchange Commission*, 103 F. Supp. 3d 382 (2015), *abrogated by Tilton*, 824 F.3d 276, to support the proposition that exhaustion of administrative remedies is not always necessary. The *Duka* court found that because it had subject matter jurisdiction over the plaintiff's Appointments Clause claim, it need not wait for the administrative proceedings to conclude to hear the plaintiff's case. *Id.* at 392 n.12. However, *Duka*'s finding that the court had subject matter jurisdiction over the Appointments Clause claim was expressly abrogated by *Tilton*. *See Tilton*, 824 F.3d at 283 ("The appellants' argument is not without force, as demonstrated by its success in several district courts. *See* . . . *Duka*, 103 F. Supp. 3d 382, 390-91. Ultimately, however, we are not convinced."). Accordingly, *Duka*'s finding that exhaustion is not necessary does not apply to the instant matter.

determine whether the doctrine of res judicata bars a subsequent action, we consider whether 1) the prior decision was a final judgment on the merits, 2) the litigants were the same parties, 3) the prior court was of competent jurisdiction, and 4) the causes of action were the same." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017).

A final judgment on the merits was entered by the Second Circuit on February 17, 2018, and that decision became "unreviewable upon the expiration of the 90-day deadline under 28 U.S.C. § 2101(c) for filing a petition for certiorari." *Salazar v. Buono*, 559 U.S. 700, 711 (2010). It is undisputed that the litigants were the same and that the Second Circuit is a court of competent jurisdiction. Additionally, Plaintiff's Appointments Clause claim arises "directly from [the SEC's] enforcement action and serves as an affirmative defense within the proceeding." *Tilton*, 824 F.3d at 288. In other words, "the Appointments Clause claim, like accompanying defenses to the merits of the . . . charges, is a vehicle by which the appellants seek to prevail in the proceeding." *Id.* (quotation omitted). Because the Appointments Clause claim "could have been raised and decided in a previous suit," *Harborside Refrigerated Servs. v. Vogel*, 959 F.2d 368, 372 (2d Cir. 1992), the principles of *res judicata* bar Plaintiff from raising it before this Court.

Plaintiff contends that *res judicata* does not apply here because Plaintiff would have been challenging the ALJ's authority to the ALJ himself, and as a result the Appointments Clause claim could not have been fully and fairly litigated before the ALJ. (Dkt. 16 at 16). Plaintiff's argument once again ignores the fact that he also failed to raise the Appointments Clause issue when he appealed the ALJ's decision to the Commission or when he filed a petition for review with the Second Circuit. Additionally, at the time of

Plaintiff's proceedings before the SEC, many other litigants were arguing that SEC ALJs were unconstitutionally appointed. *See* Alison Frankel, "Unlike SEC, FTC Makes Quick Fix to Ward Off ALJ Constitutional Challenges," Reuters (Sept. 16, 2015), *available at* https://www.reuters.com/article/idUS57450196020150916; Peter J. Henning, "S.E.C. Finds Itself in a Constitutional Conundrum," N.Y. Times (June 15, 2015), *available at* https://www.nytimes.com/2015/06/16/business/dealbook/sec-finds-itself-in-a-constitution al-conundrum.html. In other words, Plaintiff has failed to cite any legitimate reason as to why his Appointments Clause claim could not have been fully and fairly litigated in the underlying administrative proceedings or in front of the Second Circuit.

Moreover, the Second Circuit's decision issued on July 20, 2018, denying Plaintiff's motion to recall and motion to vacate, further supports the conclusion that Plaintiff's claim is barred. *See Dembski v. SEC*, No. 17-1553, Dkt. 91 (2d Cir. July 20, 2018). After the Supreme Court issued its decision in *Lucia*, Plaintiff requested that the Circuit revoke its denial of review of Defendant's decision, issue a mandate nullifying Defendant's decision, and preclude Defendant from taking any steps to enforce any portion of the sanctions the SEC imposed on Plaintiff. Motion to Recall, *Dembski v. SEC*, No. 17-1553, Dkt. 84 at 9 (2d Cir. July 6, 2018). Defendant responded, arguing that Plaintiff had forfeited his Appointments Clause challenge by failing to raise it at any point before the Second Circuit's February 2018 order. Response to Motion to Recall, *Dembski v. SEC*, No. 17-1553, Dkt. 87 (2d Cir. July 12, 2018). The Second Circuit's denial of Plaintiff's request not only further supports the conclusion that Plaintiff's Appointments Clause claim is barred by *res judicata*, but also that Plaintiff failed to timely raise the issue before the SEC.

## CONCLUSION

For the foregoing reasons, the Court dismisses Plaintiff's claims for lack of subject matter jurisdiction, but alternatively clarifies that even if it had subject matter jurisdiction, the Court would grant Defendant's motion to dismiss for failure to state a claim. (Dkt. 10). The Clerk of Court is directed to enter judgment in favor of Defendant and close this case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: February 4, 2020
       Rochester, New York